UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA BISESTO,

                Plaintiff,

    v.

GARY UHER,

                Defendant.

No. 19-CV-1678 (KMK)

OPINION & ORDER

Appearances

Lori A. Sullivan, Esq.
Law Office of Lori A. Sullivan
White Plains, NY
*Counsel for Plaintiff*

Christopher P. Benischek, Esq.
Law Office of Christopher P. Benischek
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

    Plaintiff Patricia T. Bisesto, Esq., ("Plaintiff"), brings this action against Defendant Gary R. Uher ("Defendant") under New York state law for legal fees related to Plaintiff's representation of Defendant in his divorce proceedings. Defendant removed the case to federal court pursuant to 28 U.S.C. § 1332(a), and Plaintiff now brings a Motion to Remand pursuant to 28 U.S.C. §1447, and for costs and fees. (Not. of Mot. (Dkt. Not. 6).) On June 14, 2019, the Court granted Plaintiff's Motion in a bench ruling. This Opinion supplements that ruling.

I. Background

    On January 7, 2019, Plaintiff filed a Summons and Order to Show Cause ("OSC") for Summary Judgment in Lieu of a Complaint in the Supreme Court of New York for the County of Westchester. (Affirmation of Lori A. Sullivan, Esq. ("Sullivan Aff.") ¶ 3 (Dkt. No. 6-1), Ex. C

("OSC") (Dkt. No. 6–4).) Plaintiff brought claims for approximately $144,000 in unpaid legal fees incurred in representing Defendant in his divorce. (*See generally* Affidavit of Patricia T. Bisesto, Esq., in Supp. of Order to Show Cause ("Bisesto Aff.") at 3–6 (Dkt. No. 5-3).) The Summons was brought under N.Y. C.P.L.R. § 3213, which allows plaintiffs to "serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." N.Y. C.P.L.R. § 3213. (*See also* Sullivan Aff. ¶ 1.)

Pursuant to the OSC, Defense counsel, Christopher P. Benischek, Esq., was to be served on behalf of Defendant by overnight courier or personal service on or before January 9, 2019. (Sullivan Aff. ¶ 3, Ex. D (FedEx Affidavit of Service (Dkt. No. 6-5)).) FedEx issued a notice stating that Mr. Benischek was no longer at the listed address, however, (Sullivan Aff. ¶ 5), so the OSC was hand-delivered to Mr. Benischek at his office on January 9, 2019, (Sullivan Aff. ¶ 5, Ex. E (Hand Delivery Affidavit of Service (Dkt. No. 6-6))).

The show cause hearing was scheduled for January 11, 2019. (OSC.) On January 11, 2019, Plaintiff's counsel, Ms. Sullivan, and Plaintiff appeared before the state court, but Defendant and his counsel did not. (Sullivan Aff. ¶ 6, Ex. F (January 15, 2019 Order) (Dkt. No. 6-7).)

On January 15, 2019, Mr. Benischek sent a letter to the state court stating that he had just been retained on behalf of Defendant, that he did not represent Defendant at the time of service of the OSC, and that Ms. Sullivan knew as much. (Sullivan Aff. Ex. G (Letter from Christopher P. Benischek, Esq., to State Court ("January 15 Benischek Letter") (Dkt. No. 6–8)).) Mr. Benischek concedes in his letter that the hand-delivered copy was received by his office on Wednesday, January 9, 2019, but not seen by him until that Friday [January 11, 2019]. (January 15 Benischek Letter.) By an Order dated January 15, 2019, the state court ordered that

Defendant submit his opposition by January 23, 2019, and adjourned the show cause hearing until February 20, 2019.  (January 15, 2019 Order.)

On January 23, 2019, Mr. Benischek requested an extension to file Defendant's opposition and sought clarification as to whether the opposition should address the entry of a Temporary Restraining Order ("TRO") or summary judgment in lieu of a complaint being filed.  (Sullivan Aff. Ex. H (Letter from Christopher P. Benischek, Esq., to State Court ("January 23 Benischek Letter") (Dkt. No. 6–9)).)  The state court judge wrote a memo endorsement on Mr. Benischek's January 23 letter, setting a briefing schedule, and stating "TRO stays . . . pending further order."  (*Id.*)  Defendant personally received a copy of the pleading in the state court action on February 20, 2019.  (*See* Not. of Removal ¶ 9 (Dkt. No. 5).)

On February 22, 2019, Defendant attempted to file a Notice of Removal in this Court, pursuant to 28 U.S.C. § 1332(a), but the entry was deficient and ECF prompted Defendant to refile the Notice.  (Dkt. No. 1.)  On February 25, 2019, Defendant submitted his papers in correct ECF format, (Not. of Removal (Dkt. No. 5)), per instructions from the clerk's office, (*see* Dkt. Nos. 1–5).  The civil case opening fee was paid and the case opening initial assignment was made on February 25, 2019.  (*See* Dkt. (entries for Feb. 25, 2019).)  Ms. Sullivan states that the Notice of Removal was filed on February 25, 2019 and that she did not know of the Notice until that day.  (Pl.'s Mem. in Support of Mot. to Remand ("Pl.'s Mem.") 2 (Dkt. No. 6-12)).  The Court notes that at oral argument of Plaintiff's Motion before this Court on June 14, 2019, Mr. Benischek admitted that the Removal Notice was filed with the Court on February 25, 2019, that the Clerk of the Court, the Court, and Plaintiff, did not have notice of or receive the filing until that day, and that the thirty-day clock for Plaintiff to file her remand motion started ticking that day.  Mr. Benischek later retracted his admission but offered no explanation as to why.

Plaintiff moved to remand the case on March 27, 2019, but that "due to the system processes [PACER], no filing could be done, although efforts were made well into that night, as the account system did not activate the account for filing until 6:14 a.m. on March 28, 2019." (Reply Affirmation of Lori A. Sullivan, Esq. ("Sullivan Reply Aff.") ¶¶ 6–7 (Dkt. No. 9).) At oral argument, Ms. Sullivan stated that she repeatedly attempted to file the Motion on the evening of March 27, 2019, but was thwarted by PACER.

On April 11, 2019, Defendant filed his Opposition to Plaintiff's Motion to Remand. (Affidavit of Christopher P. Benischek, Esq. ("Benischek Aff.") ¶ 8 (Dkt. No. 7); Def.'s Mem. in Opp'n to Mot. to Remand ("Def.'s Mem.") (Dkt. No. 8).) On April 17, 2019, Plaintiff filed a reply affirmation. (Sullivan Reply Aff.) On April 22, 2019, the Court issued a calendar notice, scheduling oral argument on Plaintiff's Motion for June 14, 2019. (Dkt. No. 10.)

On June 13, 2019, almost two months after the calendar notice, the day before oral argument, in violation of the Local Rules, without permission of the Court, and long after a sur-reply would have been due if permission had been granted to file such, Defendant submitted a sur-reply. However, because no permission to file a sur-reply was sought or given, the Court will not consider it. *See Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*, 337 F. Supp. 3d 274, 288 (S.D.N.Y. 2018) ("The S.D.N.Y. local rules do not contemplate the submission of a sur-reply in further opposition to a motion, and this Court's Individual Rules provide that "[s]ur-reply memoranda will not be accepted without prior permission of the Court.") (quoting Local Civil Rule 6.1); *Ganley v. City of New York*, No. 15-CV-8077, 2017 WL 5508812, at *3 n. 4 (S.D.N.Y. Apr. 26, 2017), *aff'd*. 734 F. App'x 784 (2d Cir. 2018) ("As the Court's individual practices make clear, sur-replies are not accepted without prior approval."); *Anthropologie, Inc. v. Forever 21, Inc.*, No. 07-CV-7873, 2009 WL 690239, at *5 n. 2 (S.D.N.Y. Mar. 11, 2009)

(noting that a sur-reply "was improper, as it was done without court permission," and ignoring the evidence presented in that sur-reply because, "besides being contemptuous of court rules, [accepting the sur-reply] deprives the other side of an opportunity to respond"); *Allen v. Avon Prod., Inc.*, No. 81-CV-6895, 1988 WL 18841, at *5 n. 2 (S.D.N.Y. Feb. 22, 1988) ("It is this Court's policy not to accept supplemental submissions with respect to pending motions, filed without permission."); *see also Lewis v. FMC Corp.*, No. 04-CV-331S, 2008 WL 4500185, at *1 (W.D.N.Y. Sept. 30, 2008) ("Absent permission by the Court, sur-reply papers are not permitted." (quoting Local Rule 56.1(e))).[1]

---

[1] Even if the Court were to consider Defendant's improperly-filed eleventh-hour sur-reply, it is unpersuasive. Defendant argues, for the first time, that he has, to this date, never been served, and that Plaintiff and Ms. Sullivan perjured themselves in order to manipulate the state court into granting the OSC and into directing service on Defendant's counsel. (Improperly-Filed Sur-Reply in Opp'n to Pl.'s Mot. to Remand ("Def.'s Improper Sur-Reply") ¶¶ 1–7 (Dkt. No. 11).) It is true that where an attorney is not authorized to accept service on behalf of a defendant, service upon that attorney does not constitute properly effectuated service of process. *See Deutsche Bank Nat'l Trust Co. v. Campbell*, — N.Y.S.3d —, 2019 WL 2275226, *1 (App. Div. May 29, 2019) (holding that plaintiff failed to establish that it properly served defendant where plaintiff attempted to serve attorney for defendant who was not authorized to accept service on behalf of defendant). However, an objection to proper service can be waived by appearing in the proceeding and submitting to the court's jurisdiction. *See Nicola v. Board of Assessors of Town of North Elba*, 847 N.Y.S.2d 763, 764 (App. Div. 2007) (holding that an objection to service "can be waived . . . simply by appearing in the proceeding and submitting to the court's jurisdiction," and an appearance can be effected "by serving an answer or a notice of appearance . . . ." (citing inter alia *Matter of Fry v. Village of Tarrytown*, 680 N.E.2d 578, 581 (N.Y. 1997)); *Ross v. Mitkoff*, 190 N.Y.S.2d 558, 559–60 (N.Y. Sup. Ct. 1959) (holding that it was "completely immaterial whether the order for . . . service was properly obtained" because defendant waived the right to object to any invalidity in service where the defendant's counsel entered an appearance in the case, appeared generally in the case, was in possession of the complaint, and corresponded with plaintiff's counsel and the court (citing *Simons v. Inecto Inc.*, 275 N.Y.S. 501, 503 (App. Div. 1934))); *id*. at 560 (stating that "[d]efendant's general appearance [in the case] was the equivalent of proper personal service of the summons upon him"); *see also Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 136 (S.D.N.Y. 1991) (holding that defense of improper service may be waived "by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct" (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939))).

Here, Mr. Benischek wrote a letter to the state court on January 15, 2019, stating that he had been retained by Defendant in the matter and that he was in possession of the OSC

II. Discussion

A. Remand

Plaintiff argues that Defendant's Notice of Removal was untimely and therefore seeks to remand the case to state court. (Sullivan Aff. ¶ 7; Pl.'s Mem. 2.) Defendant argues that Plaintiff's Motion to Remand was untimely and that because untimely removal is a procedural defect, Plaintiff has waived her objection. (Def.'s Mem. 4–5.)[2] The question the Court must

---

documents. (January 15 Benischek Letter.) Thereafter, Mr. Benischek did not enter a limited appearance to contest the state court's jurisdiction based on improper service—Defendant proceeded to litigate this case in earnest. Indeed, Mr. Benischek contacted the state court to request an extension and to seek clarification regarding the opposition briefing that was due. (January 23 Benischek Letter.) Moreover, Defendant then removed the case to this Court and filed numerous submissions and made several general appearances before this Court. (*See* Dkt.)

[2] There is no question that Defendant's Notice of Removal was untimely. Plaintiff argues that Defendant was served on January 9, 2019, when his attorney's office received a copy of the OSC, or at the latest on January 15, 2019, when Mr. Benischek appeared in the case on behalf of Defendant and inquired of the state court about the scheduled show-cause hearing. (Sullivan Aff. ¶ 7.) Defendant did not put forward any arguments about the timing of service in his Notice of Removal or his Memorandum in Opposition to the Motion. Indeed, Mr. Benischek admitted that his office was served on January 9, 2015 and that as of January 15, 2019, he was retained in the matter and in possession of the served papers. (Benischek January 15 Letter.) Plaintiff argues that regardless of whether Defendant was served on January 9 or January 15, 2019, his Removal Notice was filed well outside the 30-day deadline. (Sullivan Aff. ¶ 7.) Thus the February 22, 2019 attempted filing of the removal was well past the deadline.

Defendants arguments about the service and filing dates do not render his removal timely and proper. If Defendant received notice of the state court action on January 9, 2019, and filed his Notice of Removal on February 22, 2019, his Notice was filed with the Court after 44 days—14 days late. If Defendant received notice of the state court action on January 9, 2019, and filed his Notice of Removal on February 25, 2019, his Notice was filed with the Court after 47 days—17 days late. If Defendant received notice of the state court action on January 15, 2019, and filed his Notice of Removal on February 22, 2019, his Notice was filed with the Court after 38 days—eight days late. If Defendant received notice of the state court action on January 15, 2019, and filed his Notice of Removal on February 25, 2019, his Notice was filed with the Court after 41 days—11 days late. Under any of these circumstances, Defendant's Notice was over a week late. *See Murphy Bros., Inc.*, 526 U.S. at 348–49 (holding that to remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving the summons and complaint"); *Mintz & Gold LLP v. Daibes*, No. 15-CV-1218, 2015 WL 2130935, at *4–5 (S.D.N.Y. May 6, 2015) (holding that receipt of the initial pleadings by defendant's attorney triggers the 30-day removal period under § 1446(b)).

6

answer is whether Plaintiff's Motion to Remand, which was due on March 27, 2019, but was filed on March 28, 2019, can be considered timely filed.[3]

### 1. Applicable Law

There are two statutory provisions that determine whether the Notice of Removal and the Motion to Remand were timely filed. 28 U.S.C. § 1446(b)(1), "Procedure for removal of civil actions," provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1447(c), "Procedure after removal generally," provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal . . . .

The Court considers these provisions in turn.

"To remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving the summons and complaint." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 622 (S.D.N.Y. 2004) (citing 28 U.S.C. § 1446(b)(1) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348–49 (1999)). "[T]he propriety of removal is to be determined by the pleadings at the time of removal." *Fed. Ins. Co. v. Tyco Int'l*, 422 F. Supp.

---

[3] Defendant argues that if his Notice was filed on February 22, 2019, Plaintiff's March 28, 2019 Motion was four days late. (Def.'s Mem. 5–6; Benischek Aff. ¶¶ 8, 10.) However, as the Court has already explained, Defendant's Notice was filed on February 25, 2019, and therefore Plaintiff's 30-day deadline expired on March 27, 2019.

2d 357, 368 (S.D.N.Y. 2006); *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 399 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) ("A court must thus consider the complaint at the time of removal to determine if removal was appropriate in the first place."); *Vasura v. Acands*, 84 F. Supp. 2d 531, 536 (S.D.N.Y. 2000) ("If the removal was not proper in the first instance, the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise.").

Receipt of the initial pleadings by defendant's attorney triggers the 30-day removal period under § 1446(b). *See Mintz & Gold LLP v. Daibes*, No. 15-CV-1218, 2015 WL 2130935, at *4–5 (S.D.N.Y. May 6, 2015) (holding that receipt of state court complaint by counsel for defendant triggered 30–day period removal period under § 1446(b)); *Cohen v. Reed*, 868 F. Supp. 489, 495–96 (E.D.N.Y. 1994) (same and rejecting claim that receipt by defendant personally was required under § 1446(b)); *see also Webb v. Harrison*, No. 14-CV-5366, 2015 WL 500179, *3–4 (S.D.N.Y. Feb. 5, 2015) (treating date on which defense counsel received summons as date from which 30-day removal clock started ticking).[4]

Federal courts construe questions of removal narrowly, "resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citation omitted); *see also Confer v. Bristol-Myers Squibb Co.*, 61 F. Supp. 3d 305, 306 (S.D.N.Y. 2014) (same); *Fed. Ins. Co.*, 422 F. Supp. 2d at 368 (stating that "[o]ut of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability" (quotation marks omitted)). Thus,

---

[4] Receipt of mail by an attorney's office constitutes receipt of mail by the specific attorney. *See Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) ("It is well established that 'notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client.'" (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990))).

if a plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (same); *Kleinman v. Ozdemir*, No. 13-CV-7530, 2014 WL 1327979, at *1 (S.D.N.Y. Apr. 2, 2014) (same).

"[A]ll motions for remand—except those based on lack of subject matter jurisdiction—must be made within 30 days after removal or they are waived." *Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993); *see also* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."). Failure to timely file a notice of removal is a procedural defect rather than a jurisdictional one and therefore a "motion [to remand] premised on that defect is waived if not asserted within the thirty-day window provided by § 1447(c)." *Kanayama v. Kesy LLC, et. al.*, No. 14-CV-2405, 2015 WL 1433203, at *3 (S.D.N.Y. March 30, 2015); *see also Siverls-Dunham v. Seung Huen Lee*, No. 05-CV-7518, 2006 WL 510504, at *3 (S.D.N.Y. Feb. 27, 2006) ("[P]rocedural defects [with removal] . . . are deemed waived if not raised by motion filed within 30 days of removal."). Nevertheless, a district court may in its discretion treat a motion to remand that is filed after the 30-day deadline as timely. *See Phx. Global Ventures, LLC v. Phx. Hotel Ass'n, Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (holding that district court did not abuse its discretion when it deemed remand motion, which was filed one day after expiration of 30-day deadline, to be timely where the motion had been rejected by ECF due to an incorrect entry and where defendants did not identify any prejudice arising from the one-day delay in their receipt of the remand motion); *Fed. Ins. Co.*,

422 F. Supp. 2d at 369–71 (holding that motion to remand was timely where it was filed several weeks late because of failure to comply with court's individual practices and because of pre-motion conference scheduling); *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 189 (D. Conn. 2005) ("[P]laintiff's motion to remand may be treated as though it had been filed within the 30–day period. Treating the motion this way causes no unfair prejudice to the defendant." (citations omitted)).

2. Application

The Court finds that Plaintiff's Motion to Remand was timely filed. Because the Court holds that Defendant's Notice of Removal was filed on February 25, 2019, Plaintiff's Remand Motion was due on March 27, 2019. Indeed, Ms. Sullivan states under oath that she believed the filing was due March 27, 2019, because she received notice of the properly filed removal on February 25, 2019, and that she filed a day late on March 28, 2019, only because of technical difficulties with PACER. (Sullivan Reply Aff. ¶ 6.) Moreover, Defendant has identified no undue prejudice from the one-day delay caused by the PACER issues. Accordingly, the Court deems the Motion to Remand to be timely. This conclusion is consistent with *Phx. Global Ventures*, in which the Second Circuit held that the district court did not abuse its discretion when it deemed a motion to remand, which was filed one day after expiration of 30-day deadline, to be timely where the motion had been rejected by ECF due to an incorrect entry, where defendants did not identify any prejudice arising from the one-day delay, and where "holding [plaintiff] to the technical . . . requirements would have worked an injustice." 422 F.3d at 76; *see also Fed. Ins. Co.*, 422 F. Supp. 2d at 369–71 (holding that motion to remand was timely where it was filed several weeks late because of failure to comply with court's individual practices and conference scheduling); *Wilson*, 401 F. Supp. 2d at 189 ("[P]laintiff's motion to remand may be

treated as though it had been filed within the 30–day period. Treating the motion this way causes no unfair prejudice to the defendant.") (citations omitted).[5]

This finding also is in accord with the axiom that the Court should resolve "any doubts against removability." *Purdue Pharma L.P.*, 704 F.3d at 213 (citation omitted); *Fed. Ins. Co.*, 422 F. Supp. 2d at 367 (stating that "[o]ut of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability" (quotation marks omitted)). Accordingly, Plaintiff's Motion to Remand is granted.

B.  Attorney's Fees

Plaintiff seeks an award of costs and attorney's fees incurred as a result of Defendant's improper removal of this action. Under 28 U.S.C. § 1447(c), a district court remanding an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacks an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper." *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 407 (S.D.N.Y. 2014). "In practice, if lack of jurisdiction was not obvious from

---

[5] Defendant cites *Shapiro v. Logistec USA Inc.*, 412 F.3d 307 (2d Cir. 2005), in which the Second Circuit held that a party waived the right to remand when he filed his motion five days past the 30-day deadline. (*See* Def'.s Mem. 4 (citing *Shapiro*, 412 F.3d at 315).) *Shapiro* is distinguishable, however, because in that case the objection to the removal was based on lack of diversity of citizenship, not on timeliness, *Shapiro*, 412 F.3d at 308–09, and the Court did not squarely address whether a belated remand motion could ever be treated as timely. The Second Circuit in *Phx. Global Ventures, LLC*, 422 F.3d at 76, on the other hand, addressed precisely that question, and is dispositive here.

the face of the removal petition and no other unusual circumstances obtain, a court cannot conclude that an objectively reasonable basis was lacking." *Little Rest Twelve, Inc. v. Visan*, 829 F. Supp. 2d 242, 245 (S.D.N.Y. 2011) (citation omitted).

Here, Defendant removed the case on the basis of diversity pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. (*See* Not. of Removal.) Although the Court ultimately finds remand appropriate on timeliness grounds, the Court could have exercised diversity jurisdiction in this case given that the Parties are diverse and the amount in controversy requirement was met. (*Id.* at 2.) Defendant thus had a colorable argument that removal was proper. Accordingly, the Court denies Plaintiff's request for attorney's fees. *See Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 426 (E.D.N.Y. 2017) (denying attorney's fees under § 1447(c) where defendant reasonably believed the court could exercise diversity jurisdiction and removal was therefore not objectively unreasonable); *Parks Heritage Fed. Credit Union v. Fiserv Solutions, Inc.*, No. 16-CV-7420, 2017 WL 74280, at *7 (S.D.N.Y. Jan. 4, 2017) (same).

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion to Remand, and denies Plaintiff's Motion for costs and attorney's fees.

SO ORDERED.

Dated: June 20, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE